## Longenecker *against* Zeigler.

A creditor having obtained a judgment for his debt, subsequently received payments from his debtor, which were not credited upon the judgment: the defendant's real estate having been sold, the whole amount of the judgment was paid to the plaintiff by the sheriff. Held, that an action will lie to recover back the amount improperly received, and that such action could not be maintained in the name of the defendant in the judgment for the use of his creditor, but must be in the name of the sheriff. *Quære,* Whether such action might not be maintained in the name of the creditor who was beneficially interested in the recovery.

ERROR to the district court of *Lancaster* county.

This was an action for money had and received by *Christian Longenecker* for the use of *Samuel Bossler* against *Conrad Zeigler,* and arose out of these facts. *John Esterlee* had borrowed from *Conrad Zeigler* 1200 dollars, and gave him his bond for it with *Christian Longenecker* as surety. A judgment had been obtained on this bond, and subsequently several years' interest was paid to the plaintiff; afterwards, the real estate of *Longenecker* was sold by the sheriff, from whom *Zeigler* received the whole amount of his judgment. This suit was brought to recover the amount improperly received by *Zeigler* in the name of *Longenecker* for the use of *Bossler,* who was a judgment creditor of *Longenecker,* and who would have received the money if *Zeigler* had not taken more than he was entitled to. Two questions arose : whether the money could be recovered back in this form of action; and, whether the action was rightly brought in the name of *Longenecker.* The court below was of opinion, that the action could not be maintained in the name of the present plaintiff, and rendered a judgment accordingly.

*Jenkins,* for plaintiff in error.
*Parke,* for defendant in error.

PER CURIAM.—The name of *Longenecker* was used as the legal plaintiff, under the supposition that he had the legal title; but in this species of action, which, in substance, is said to be a bill in equity, there is no distinction between legal and equitable title, he being the legal party who is entitled to the money. But *Longenecker* was not entitled beneficially, or even as a trustee for the creditors ; for the law is not so unreasonable as to attribute to him the ownership of that of which it has itself divested him, and appropriated to the extinguishment of his debts. Who, then, was entitled to the money here ? The sheriff's is the hand to pay out, and a mispayment may undoubtedly be recovered back by him, in an action founded on the special property which he has in the money as the bailee of the law ; so that the action here might have been brought

[Longenecker v. Zeigler.]

with perfect safety in his name. It might also, perhaps, have been brought in the name of *Bossler,* the creditor ultimately entitled ; for though there is no privity between him and the defendant, the money, where it has been received *mala fide,* may be pursued specifically on the owner's right of property. Here there would seem to be enough in the case to authorize a jury to find, that the money was received *mala fide,* or, perhaps, a legal presumption to that effect would necessarily arise from the facts. But all difficulty would have been removed by proceeding in the name of the sheriff.

Judgment affirmed.